GUIDRY, Justice,
concurs and assigns reasons.
|,I concur in the majority’s holding that summary judgment was not warranted at this juncture of the proceedings and that a *419 remand for trial is necessary in this case, because there remain genuine issues of material fact on the issue of whether the Equine Immunity Statute applies. Ante, p. 413. In reversing the trial court’s grant of summary judgment, a majority of the court of appeal reasoned the plaintiff was a “spectator” rather than a “participant” within the meaning of the Equine Immunity Statute, a view contrary to the finding of the trial court, which had determined the plaintiff was a “participant” and granted summary judgment without considering other relevant portions of the immunity statute. The concurring judge in the court of appeal found there exist genuine issues of material fact as to whether the plaintiff was a “participant.” In my view, the trial court was correct in finding the plaintiff to be a “participant” engaging in equine activity within the meaning of the statute. See La. R.S. 9:2795.3(A)(3)(e). Further, because the plaintiff asked for and was given permission by the defendant’s employee to touch and feed the horses, according to her own deposition testimony, the existence of a sign prohibiting such would not preclude a finding that the equine activity in which the plaintiff was engaged had been sponsored by the defendant.
|2N otwithstanding my appreciation of the Equine Immunity Statute and the evidence presented thus far in regard to the motion for summary judgment, I respectfully concur in the holding of the court’s opinion today, which simply affirms the “ruling” of the court of appeal reversing the trial court’s grant of the defendant’s motion for summary judgment, and remands the matter to the trial court for further proceedings. Ante, p. 417.
CRICHTON, J., concurs for thq reasons assigned by Guidry, J.